UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC.,<br>a corporation,<br><br>    Defendant. | Case No. 1:24-cv-12940<br><br>**MOTION TO APPROVE PROPOSED STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

    Plaintiff, the Federal Trade Commission ("FTC"), respectfully asks the Court to enter the attached proposed Stipulated Order for Permanent Injunction and Other Relief ("Stipulated Final Order") as to Defendant Evolv Technologies Holdings, Inc. ("Defendant"). The proposed Stipulated Final Order is attached as Exhibit 1 to this Motion. Plaintiff and Defendant have agreed to the terms of the proposed Stipulated Final Order, as evidenced by their signatures thereon. Defendant further consents to the filing of this Motion. Accordingly, the FTC now moves that the Court enter the proposed Stipulated Final Order.

                                                      Respectfully submitted,

Dated: November 26, 2024

s/Michael Atleson
Michael Atleson (NY Bar No. 2705762)
Katherine Campbell (OR Bar No. 071044)
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-10528
Washington, DC 20580
matleson@ftc.gov; kcampbell@ftc.gov
Tel: (202) 326-2962, -3142

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. The parties to this litigation are being served via email and U.S. mail as follows:

ANTONY P. KIM
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-3394
antony.kim@lw.com

SCOTT D. JOINER
WARD PENFOLD
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8878 (Joiner); (415) 395-8087 (Penfold)
scott.joiner@lw.com; ward.penfold@lw.com

DANIEL KAUFMAN
ALLYSON HIMELFARB
Baker & Hostetler LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
(202) 861-1523 (Kaufman); (202) 861-1682 (Himelfarb)
dkaufman@bakerlaw.com; ahimelfarb@bakerlaw.com

SARAH J. LA VOI
Baker & Hostetler LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 416-6285
slavoi@bakerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC.,<br>a corporation,<br><br>  Defendant. | Case No. 1:24-cv-12940<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction, and other relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and sale of security screening systems.

3.  Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.  Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.  Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "Defendant" means Evolv Technologies Holdings, Inc., and its successors and assigns.

B.  "Competent and Reliable Evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that (1) have been conducted and evaluated in an objective manner by qualified persons and (2) are generally accepted in the profession to yield accurate and reliable results.

C.  "Customer(s)" means school(s) or school district(s) in the K-12 range that purchased or otherwise contracted for the use of Evolv Express between the period April 1, 2022, to June 30, 2023.  Excluded from this definition is any school or school district that: (1) participated in a pilot program of at least 30 days prior to such purchase or contract; (2) purchased 15 or more Evolv Express units; or (3) purchased or contracted for, and deployed, additional Evolv Express units more than 45 days after initially deploying Evolv Express at a school.

# ORDER

## I. PROHIBITION AGAINST MISLEADING CLAIMS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of any product, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation about:

A. the ability to detect weapons;

B. the ability to ignore harmless personal items;

C. the ability to detect weapons while ignoring harmless personal items;

D. the ability to ignore harmless personal items without requiring visitors to remove any such items from pockets or bags;

E. weapons detection accuracy, including in comparison to the use of metal detectors;

F. false alarm rates, including comparisons to the use of metal detectors;

G. the speed at which visitors can be screened, as compared to the use of metal detectors;

H. labor costs, including comparisons to the use of metal detectors;

I. testing, or the results of any testing; or

J. any material aspect of its performance, efficacy, nature, or central characteristics, including, but not limited to, the use of algorithms, artificial intelligence, or other automated systems or tools;

unless the representation is non-misleading, including that, at the time such representation is made, Defendant possesses and relies upon Competent and Reliable Evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## II. NOTICE TO SCHOOL CUSTOMERS AND RIGHT TO CANCEL

IT IS FURTHER ORDERED that Defendant shall provide a Notice to all Customers of this Order and of their right to cancel their contracts within 60 days of receipt of the Notice. Defendant shall allow Customers to exercise the right to cancel their contracts in accordance with the terms of this Order and the Notice. Such Customers shall owe no more money to Defendant after the effective cancellation date, except for any fees still due as of that date.

A. The Notice shall be in the exact wording and format set forth in Attachment A and shall be sent via email to each such Customer within seven (7) days of the entry of this Order, with the subject line "**Important Notice – Option to Cancel Your Contract with Evolv.**" The email shall not include any other message or attachment.

B. Defendant must use reasonable means to attempt to determine whether the emailed Notice was opened by each recipient. If Defendant has no indication that a recipient opened the email within twenty (20) business days after the date Defendant sent it, Defendant shall, within ten (l0) additional business days, send the Notice by United States Postal Service. Any deadline for the recipient to respond to the Notice shall run only from the last date that Defendant sent a Notice to the recipient.

C. Notices sent by United States Postal Service pursuant to this Section shall be sent with USPS Tracking or another method that provides evidence of delivery. The front of the

envelope shall read "**Important Notice – Option to Cancel Your Contract with Evolv**." The mailing shall not include any other message or enclosure.

D. The Notice shall provide a link to an online form that provides customers with a one-step mechanism for cancelling the contract, with clear instructions, and with no other messages.

E. Notwithstanding any other provision of this Order, Defendant shall, within 7 days of a written request, provide the Commission with all records reasonably requested about each Customer to whom a Notice is sent pursuant to this Section. In accordance with the Recordkeeping section below, Defendant shall maintain all of the following records about each such Customer, and in accordance with this Part E, the FTC may request any or all of them for any such Customer: name; all known addresses, telephone numbers, and email addresses; whether Defendant has any indication that the Customer received and opened the emailed or mailed Notice (and, if so, the form of such indication); the date or dates that Defendant sent the Notice; whether and when the Customer canceled its Evolv contract; and copies of all communications with the Customer relating to the Notice.

### III.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Within 7 days of entry of this Order, Defendant must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 8 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, and directors; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who

5

participate in marketing the Defendant's products ; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

  A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (2) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (4) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (5) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

  B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following. Defendant must report any change in: (1) any designated point of contact; or (2) the structure of Defendant

or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Evolv Technologies Holdings, Inc., et al. File No. X_____.

## V.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

  B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

  C. records of all customer complaints and refund requests, concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

  D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

  E. a copy of each unique advertisement or other marketing material.

## VI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

  A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** \_\_5th day\_\_ **of** \_December\_\_ **, 20**24**.**

\_\_\_/s/ Paul G. Levenson_____
UNITED STATES MAGISTRATE JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

s/Michael W. Atleson                              Date: November 26, 2024
_____
MICHAEL W. ATLESON (NY BAR #2705762)
KATHERINE CAMPBELL (OR BAR # 071044)
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mailstop CC-6316
Washington, D.C. 20580
Telephone: (202) 326-2962
Fax: (202) 326-3259
matleson@ftc.gov

9

**FOR DEFENDANT EVOLV TECHNOLOGIES HOLDINGS, INC.:**

_/s/ Antony P. Kim_   Date: Sept. 23, 2024
ANTONY P. KIM
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-3394
antony.kim@lw.com

SCOTT D. JOINER
WARD PENFOLD
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8878 (Joiner)
(415) 395-8087 (Penfold)
scott.joiner@lw.com
ward.penfold@lw.com

DANIEL KAUFMAN
ALLYSON HIMELFARB
Baker & Hostetler LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
(202) 861-1523 (Kaufman)
(202) 861-1682 (Himelfarb)
dkaufman@bakerlaw.com
ahimelfarb@bakerlaw.com

SARAH J. LA VOI
Baker & Hostetler LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 416-6285
slavoi@bakerlaw.com

**EVOLV TECHNOLOGIES HOLDINGS, INC.**

_/s/ Mark Donohue_ (DocuSigned)   Date: 9/23/2024
MARK DONOHUE,
Chief Financial Officer
EVOLV TECHNOLOGIES HOLDINGS, INC.

10

## ATTACHMENT A

Dear [Evolv School Customer]:

We're writing to tell you that you can choose to cancel your contract with Evolv.

As part of a settlement with the Federal Trade Commission (FTC), the nation's consumer protection agency, we're giving you the option to cancel your contract, which currently ends on _____. The FTC said that some of our marketing claims about Evolv Express were misleading.

**If you want to cancel your contract,** <u>you must let us know within 60 days of the date you receive this Notice</u> by completing the online form at [web form URL].

**If you cancel your contract**, you can choose whether the cancellation will be effective immediately or at a convenient time, such as the end of a school term. You will owe no more money to Evolv after the effective cancellation date, except for any fees still due as of that date.

**If you want to keep your contract**, you don't have to do anything.

You can learn more about the FTC's settled lawsuit against Evolv at www.ftc.gov/[url].

11